IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MERRELL and LUCILLE WITT, EUGENE and SHARON WITT, PAULA and LARRY PIGG, and JOSEPH and DEBORAH CAMPBELL, Plaintiffs, Individually and on behalf of all others similarly situated, Collectively, the CLASS, v. CHESAPEAKE EXPLORATION, L.L.C., CHESAPEAKE ENERGY CORPORATION and CHESAPEAKE OPERATING, INC. Defendants. | CIVIL ACTION NO. 2:10-cv-22-TJW |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Chesapeake Exploration, L.L.C., Chesapeake Energy Corporation, and Chesapeake Operating, Inc.'s (collectively "Chesapeake" or "Defendants") Motion to Exclude Testimony from Plaintiffs' Expert Professor Charles Silver (Dkt. No. 72). In their motion, Defendants move to exclude the expert report and testimony of Plaintiffs' expert Professor Charles Silver on the issue of whether class certification is appropriate. Having reviewed Professor Silver's report, the arguments of the parties, and the applicable law, the Court GRANTS Defendants' motion to exclude the testimony of Professor Silver at the class certification hearing for the reasons discussed below. To the extent it is relevant, the Court will consider Professor Silver's report as supplemental briefing on the issue of class certification.

**I. Factual Background**

Plaintiffs bring this putative class action on behalf of themselves and those similarly situated as a result of Chesapeake's alleged breach of over 500 oil and gas leases in Texas. Plaintiffs allege that the leases at issue were form leases prepared by Chesapeake, offered to the lessors of Texas minerals by Chesapeake, executed and delivered by those lessors to Chesapeake (or its agents), and filed of record in the county clerks' offices by Chesapeake (either in full or by Memorandum of Lease). Plaintiffs further allege that, notwithstanding the fact that the minerals were transferred to Chesapeake by delivery of the executed leases, Chesapeake uniformly did not pay hundreds of lessors their full bonuses as and when they became due. According to Plaintiffs, Chesapeake made a decision to breach its contractual obligations to pay agreed lease bonuses to lessors by unilaterally refusing to pay the full lease bonuses, or delaying payments of bonuses, to hundreds of lessors because of economic concerns that had nothing to do with the terms of the leases.

In preparation for the hearing on Plaintiffs' Motion to Certify a Class (Dkt. No. 37), Plaintiffs designated Professor Charles Silver as an expert on the issue of whether class certification is appropriate (Dkt. No. 33). Defendants now move to strike Professor Silver's expert report and testimony at the class certification hearing scheduled for July 28 and 29, 2011.

**II. Analysis**

In support of its motion, Chesapeake first argues that Professor Silver's testimony should be stricken because his report is not based on sufficient facts about the litigation. Chesapeake contends that Professor Silver only reviewed a small portion of the evidence relevant to class certification issues. For example, Chesapeake points out that Professor Silver only reviewed the

lease information for named plaintiffs Merrel and Lucille Witt and correspondence between one broker and one prospective lessor. In addition, Professor Silver only reviewed one deposition transcript. In response, Plaintiffs argue that at the time Professor Silver wrote his report, he did not have access to most of the relevant documents because Chesapeake failed to make timely and full production if the relevant leases. Plaintiffs also suggest that they may bring a motion to compel at some future, unspecified time to address these alleged deficiencies in Chesapeake's production. However, the deadline to complete class certification discovery was on June 10, 2011, and Plaintiffs never filed a motion to compel or otherwise brought Chesapeake's alleged discovery abuses to the Court's attention. Having failed to raise the issue in a timely manner, Plaintiffs may not now rely on allegations of discovery abuse to justify the deficiencies in Professor Silver's expert report.

Additionally, Plaintiffs claim that Professor Silver now has access to hundreds of additional documents, including approximately 560 lease contracts and 100 other exhibits and deposition transcripts, about which he will be prepared to offer testimony at the class certification hearing. Plaintiffs, therefore, argue that the Court should delay striking Professor Silver's testimony until the Court can make the determination at the class certification hearing as to whether Professor Silver has reviewed sufficient facts or data to support his opinions. However, Federal Rule of Civil Procedure 26(a)(2)(B) states that an expert's report must include "(i) a complete statement of all opinions to be expressed and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them. . ." FED. R. CIV. P. 26(a)(2)(B). This Court has consistently limited experts' testimony to the opinions and bases disclosed in their expert report. *See, e.g., Smith and Nephew, Inc. v. Arthrex, Inc.*, 2010 WL 457142, at * 8

(E.D. Tex. 2010) ("This Court holds that Mr. Sebastianelli may not testify beyond the scope of his expert report. . . . To otherwise allow Dr. Sebastianelli to testify at trial on these elements without properly disclosing his position would unfairly prejudice [the opposing party] and defeat one of the primary purposes that the expert report serves"); *Sensormatic Electronics Corp. v. WG Sec. Products, Inc.*, 2006 WL 5111113, at * 1 (E.D. Tex. 2006) (granting motion *in limine* to limit scope of expert testimony at trial to expert report); *Acco Brands, Inc. v. American Power Conversion Corp.*, 2003 WL 25673230, at * 1 (E.D. Tex. 2003) (" . . . Defendants' experts are precluded from offering any opinions not specifically addressed in their expert report"). The Court sees no reason to hold differently in this case. Allowing Professor Silver to provide testimony at the class certification hearing based on data and analysis that was not disclosed in this expert report would unfairly prejudice Chesapeake, violate the dictates of Rule 26(a)(2)(B), and defeat one of the primary purposes that the expert report serves. *See Smith and Nephew*, 2010 WL 457142, at * 8.

Chesapeake also argues that Professor Silver's report should be stricken because it consists almost entirely of impermissible legal conclusions and invades the province of the Court. Having reviewed Professor Silver's report, the Court agrees. In his report, Professor Silver provides a summary of various legal authorities on class certification issues and uses his interpretation of these authorities to argue that the requirements for class certification have been met in this case. While Professor Silver is indisputably an accomplished legal scholar, legal opinions are not a proper subject of expert testimony. "[I]t is well-established in the Fifth Circuit that Rule 704 does not permit an expert to render conclusions of law." *United States v. $9,041,598.68*, 163 F.3d 238, 255 (5th Cir.1996) (citing *Snap-Drape, Inc. v. Commissioner of*

4

*Internal Revenue*, 98 F.3d 194 (5th Cir.1996)); *see also Estate of Sowell v. United States*, 198 F.3d 169, 171-72 (5th Cir. 1999) (upholding district court's exclusion of an attorney expert on the grounds that the expert's proposed testimony offered only a legal opinion). This is because "there is one, but only one legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge." *Askanase v. Fatjo, et al.*, 130 F.3d 657, 673 (5th Cir. 1997) (quoting *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir.1988)).

Because Professor Silver's testimony at the class certification hearing must be limited to what is contained in his expert report, and because Professor Silver's current expert report contains only impermissible legal conclusions, the Court excludes Professor Silver from testifying as an expert at the class certification hearing in this case. The Court will consider Professor Silver's expert report for what it is, a supplemental brief on the issue of class certification.

### III. Conclusion

For the foregoing reasons, Court GRANTS Defendants' motion to exclude the testimony of Professor Silver at the class certification hearing (Dkt. No. 72). The Court does not, however, strike Professor Silver's expert report from the record. Instead, the Court will consider Professor Silver's report, to the extent it is relevant, as supplemental briefing on the issue of class certification.

IT IS SO ORDERED.

SIGNED this 13th day of July, 2011.

　　　　　　　　　　　　　　　／s／ T. John Ward
　　　　　　　　　　　　　　　T. JOHN WARD
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE